# Third District Court of Appeal

## State of Florida

Opinion filed July 23, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-1050
Lower Tribunal No. 20-5734-SP-25
_____

**Manuel V. Feijoo, M.D., P.A. a/a/o Roberto Gonzalez,**
Appellant,

vs.

**Infinity Indemnity Insurance Company,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Gloria Gonzalez-Meyer, Judge.

George David P.A., and Christian Carrazana, for appellant.

Law Offices of Terry M. Torres & Associates, and Robert Phaneuf, for appellee.

Before FERNANDEZ, LOGUE and BOKOR, JJ.

PER CURIAM.

Affirmed. See Infinity Auto Ins. Co. v. Miami Open MRI, LLC, 361 So. 3d 954, 956 (Fla. 3d DCA 2023) ("Amador's failure to submit to a properly noticed examination under oath, in accordance with the policy's PIP endorsement and section 627.736(6)(g), barred receipt of benefits. Moreover, because submitting to an examination under oath is a condition precedent to receipt of PIP benefits under section 627.736(6)(g) and the policy at issue, prejudice is not an element of Infinity Auto's affirmative defense to Miami Open's claim for services . . . ." (citation omitted)); Am. Integrity Ins. Co. v. Estrada, 276 So. 3d 905, 916 (Fla. 3d DCA 2019) ("[W]hen an insurer has alleged, as an affirmative defense to coverage, and thereafter has subsequently established, that an insured has failed to substantially comply with a contractually mandated post-loss obligation, prejudice to the insurer from the insured's material breach is presumed, and the burden then shifts to the insured to show that any breach of post-loss obligations did not prejudice the insurer."); Univ. Prop. & Cas. Ins. Co. v. Horne, 314 So. 3d 688, 693 (Fla. 3d DCA 2021) (rejecting argument that insurer's acknowledgement of coverage and issuance of payment to insured waived affirmative defense of failure to comply with post-loss obligation of examination under oath).